# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MORRIS BARREN, | Civil No. 3:17-cv-2196 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN S. SPAULDING, | |
| Respondent | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by Petitioner David Morris Barren ("Barren"), an inmate incarcerated at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed.

## I. Background

In the habeas petition, Barren claims that he is being denied access to his legal materials and denied access to the courts. (Doc. 1, p. 2). For relief, Barren requests access to his legal materials. (Id. at p. 11).

---

[1] Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. GOVERNING § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the Court. Id. at R.1(b).

## II. Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer*, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

Careful review of the petition reveals that Barren does not seek speedier or immediate release from custody or challenge the legality of his present incarceration. Rather, he claims that his ability to access the courts is being obstructed, and he is being denied access to his legal materials. Because Barren is seeking relief based on the deprivation of certain rights and privileges, the appropriate remedy is a civil rights action.

2

Consequently, the petition will be dismissed without prejudice to any right Barren may have to reassert his present claims in a properly filed civil rights complaint.

A separate Order shall issue.

Date: December 21, 2017

Robert D. Mariani
United States District Judge

3